## MAHER ET AL. *vs.* PULLEY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In applications for continuances of causes on the affidavit of the party, necessity and the general practice of the courts admits suitors to swear for themselves. Counter affidavits, as a general rule, cannot be received against an affidavit for a continuance.

Exceptions to the general rule, prohibiting suitors from swearing *pro* and *con*, for continuances, ought to be allowed when the case has been repeatedly continued on the application of the party, or where suspicions arise that he is acting in bad faith.

This is an action to recover from the defendant nine hundred and twenty-eight dollars sixty cents, the balance of an account annexed, for a flat boat and her cargo of bacon hams and shoulders.

The defendant admitted the sale, and purchase by him, of the boat and her cargo, but averred he was entitled to a deduc-

12

tion of one hundred and ninety-five dollars, on account of the too great disproportion of hams to shoulders. He also annexed an account of five hundred and ninety-three dollars thirty-six cents, including the one hundred and ninety-five dollars, over-charged by the plaintiffs, for goods, wares and merchandise sold to them, which he pleaded in compensation and reconvention.

On the trial, the defendant filed his affidavit for a continuance, alleging the absence of his witnesses, occasioned by the conduct of one of the plaintiffs, in proposing to settle the controversy amicably. The court allowed this plaintiff to file his counter affidavit, denying the statements in the first; and ruled the defendant to trial. He took his bill of exceptions to the opinion of the court.

The plaintiffs proved their account to the satisfaction of the court and had judgment. The defendant appealed.

*Sterrett*, for the plaintiffs.

*Roselius, contra.*

*Mathews, J.*, delivered the opinion of the court.

This case is brought up on a bill of exceptions, *taken to* the opinion of the court below, by which the defendant was ruled to trial, after having made and filed an affidavit for a continuance.

It is not pretended that this affidavit does not show good grounds for a continuance. But the judge below admitted a counter affidavit made by one of the plaintiffs, in which the most important facts contained in that of the defendant, were denied.

When parties to a suit are permitted to swear for themselves, it is within the knowledge of any person the least conversant with judicial proceeding, that interest too often outweighs all moral influences and leads to perjury. In applications, however, for continuances of causes, the necessity of the case has induced a general practice of allowing suitors to swear for themselves, and we believe it to be

unusual in practice for any of the tribunals of the first instance, in this state, to admit or receive counter affidavits from the opposite parties. Such a mode of proceeding would be extremely troublesome and inconvenient in the administration of justice, would be opening the door still wider for perjury, and would necessarily cause delays if the practice should be pursued so far as to allow swearing *pro* and *con* to any extent.

Yet, an exception to the general rule might be admissible, when, in consequence of a cause having been repeatedly continued on the application of a party, or from any other unusual circumstances attendant on his application for a continuance, suspicions were raised of his acting in bad faith.

The present case, to our view, offers no such circumstances. The cause had never before been continued at the instance of the defendant. We think the court below erred in ruling to trial, by admitting the counter affidavit.

Exceptions to the general rule, prohibiting suitors from swearing *pro* and *con* for continuances, ought to be allowed, when the case has been repeatedly continued on the application of the party, or where suspicions arise that he is acting in bad faith.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled. And it is further ordered, that the cause be remanded for a trial *de novo*, and that the plaintiffs and appellees pay the costs of this appeal.